**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARMOROCK, LLC,<br><br>                    Plaintiff,<br>          vs.<br><br>ARTHUR J. GALLAGHER & CO., *et al.,*<br><br>                    Defendants. | Case No.: 2:25-cv-00553-GMN-EJY<br><br>**ORDER CONVERTING MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT** |

Pending before the Court is the Motion to Dismiss, (ECF No. 16), filed by Defendants Arthur J. Gallagher & Co. and Arthur J. Gallagher Risk Management Services, LLC (collectively, "RMS").  Plaintiff Armorock, LLC filed a Response, (ECF No. 19), and Defendants filed a Reply, (ECF No. 20).

For the reasons discussed below, the Court converts the Motion to Dismiss into a Motion for Summary Judgment and DENIES the Motion to Dismiss without prejudice.

## I.     <u>BACKGROUND</u>

This case arises from an insurance dispute between Armorock, a limited liability corporation which manufactures polymer concrete corrosion proof products, and its insurance broker, RMS. (First Amended Compl. ("FAC") ¶¶ 1, 4, 7, ECF No. 14).  When Armorock learned that the building coverage for one of its polymer concrete production facilities in Boulder City, Nevada (the "Nevada Facility"), was expiring, RMS agreed to locate a replacement policy. (*Id.* ¶ 11).  RMS thereafter presented an insurance proposal for the 2021–22 policy term with a new insurance carrier, the General Casualty Company of Wisconsin. (*Id.*) Armorock accepted the proposal, believing that all its production facilities were covered under the new policy, and subsequently renewed the policy for the 2022–23 policy term. (*Id.* ¶¶ 12–

18).  On July 10, 2022, the Nevada Facility was destroyed by an explosion. (*Id.* ¶ 20). Armorock filed a claim for business interruption losses and catastrophic damage that was rejected by the insurance carrier, who explained that the Nevada Facility was not covered. (*Id.* ¶¶ 21–22).

Armorock thereafter filed the instant lawsuit, alleging that RMS failed to obtain replacement building coverage for its Nevada Facility as promised.  Armorock brings the following two claims against RMS: (1) professional negligence, and (2) negligent misrepresentation. (*Id.* ¶¶ 28–37).  Armorock seeks damages for economic injury, consequential damages, statutory damages, and attorneys' fees. (*Id.* ¶¶ 38–39).

## II.    LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment, and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d).

## III.    DISCUSSION

RMS moves to dismiss both of Plaintiff's claims, arguing that they fail as a matter of law. (Mot. Dismiss 1:28–2:2, ECF No. 16). RMS's primary contention is that it did not obtain coverage for the Nevada Facility because Armorock provided RMS with documentation indicating a value of "$0" for the Nevada Facility. (*Id.* 5:15–21). In Response, Armorock questions the authenticity of that documentation and relies on a statement from RMS's Senior Vice President that the lapse in coverage was RMS's mistake. (Resp. 7:26–8:2, ECF No. 19).

### A.  Conversion into Motion for Summary Judgment

In its Response to RMS's Motion to Dismiss, Armorock argues that the Motion to Dismiss should be converted into a motion for summary judgment because it relies on several documents which were not alleged in the FAC. (Resp. 15:12–22, ECF No. 19). In Reply, RMS appears to concede that the Court could convert the Motion to Dismiss into a motion for summary judgment but asserts that the documents it relies on were "referenced in the complaint [and] may be used in a motion to dismiss." (Reply 6:1–4, ECF No. 20).

"A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Further, a "court may take judicial notice of the filings on the docket in a case before that court." *Ward v. Crow Vote LLC*, 634 F. Supp. 3d 800, 807 (C.D. Cal. 2022) (citing *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)).

Here, RMS attached seven Exhibits to its Motion to Dismiss: (1) Compensation Agreement Between Armorock and RMS, (Ex. 1 to Mot. Dismiss, ECF No. 16-2); (2) 2021 Revised Insurance Proposal, (Ex. 2 to Mot. Dismiss, ECF No. 16-3); (3) 2021 Statement of Value, (Ex. 3 to Mot. Dismiss, ECF No. 16-4); (4) 2021–22 Armorock Insurance Policy, (Ex. 4 to Mot. Dismiss, ECF No. 16-5); (5) 2022 Statement of Value, (Ex. 5 to Mot. Dismiss, ECF No. 16-6); (6) 2022 Insurance Proposal, (Ex. 6 to Mot. Dismiss, ECF No. 16-7); and (7) 2022–23 Armorock Insurance Policy (Ex. 7 to Mot. Dismiss, ECF No. 16-8). As Armorock explains, only Exhibits 4 and 7—the 2021–22 Armorock Insurance Policy and the 2022–23 Armorock Insurance Policy—were incorporated by reference in the FAC. (Resp. 15:22–24); (FAC ¶¶ 13–18). The Court finds that the remainder of RMS's Exhibits do not fall within any category of materials the Court may consider without converting the Motion to Dismiss into a motion for summary judgment for the following reasons.

First, RMS's assertion that because all of its Exhibits were "referenced" in the FAC, the Court may consider them in ruling on its Motion to Dismiss is misplaced. A document is incorporated by reference into a complaint if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908. Here, Exhibits 1, 3, and 5 are never mentioned in the FAC. (*See generally* FAC). While the FAC refers to "proposal[s]" provided to Armorock by RMS in 2021 and 2022, the references are brief, and do

not form the basis of Plaintiff's claim. (*Id.* ¶¶ 12, 30). Further, Armorock contends that the 2021 "proposal" referenced in the FAC is a different proposal from Exhibit 2. (Resp. 15:25).

Second, the Court cannot consider any of the remaining Exhibits under the doctrine of judicial notice. "Courts may only take judicial notice of adjudicative facts that are 'not subject to reasonable dispute.'" *Ritchie*, 342 F.3d at 908–09 (quoting Fed. R. Evid. 201(b)). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(1)–(2). Here, the Exhibits submitted by RMS are internal corporate documents, the authenticity of which Armorock questions. (Resp. 15:21–22). Thus, they fall far short of the requirements of Federal Rule of Evidence 201.

Moreover, the Court declines to exclude any of RMS's Exhibits. The Motion to Dismiss relies extensively on these Exhibits—indeed, RMS's argument in favor of dismissing both of Armorock's claims is based heavily on Exhibits 3 and 5. (*See* Mot. Dismiss 5:15–21, 7:11–8:16). Thus, the Court must convert the Motion to Dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). In order to give the parties a reasonable opportunity to present all the material pertinent to the motion, the Court DENIES the Motion to Dismiss without prejudice and sets a supplemental briefing schedule.

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that RMS's Motion to Dismiss, (ECF No. 16), is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the parties are given formal notice that the Motion to Dismiss is converted into a motion for summary judgment.

**IT IS FURTHER ORDERED** that RMS is permitted **14 days** from the date of this Order to submit additional materials for the Court's consideration, which may include one supplemental brief not to exceed **10 pages**.

**IT IS FURTHER ORDERED** that Armorock is permitted **14 days** from service of RMS's brief to submit additional materials for the Court's consideration, which may include one supplemental brief not to exceed **10 pages**.

**DATED** this __11__ day of March, 2026.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT